UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MICHELLE BECKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:11-cv-005 SEB-WGH |
| vs. | ) | |
| | ) | |
| KOETTER WOODWORKING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**
(Docket No. 12)

On February 2, 2011, Plaintiff filed this action alleging that Defendant, her former employer, discriminated against her in violation of 42 U.S.C. § 12112, et. seq (the Americans with Disabilities Act) and Indiana Code Title 22, Article 9 (the Indiana Civil Rights Law) based on her disability (epilepsy). On February 23, 2011, Defendant filed a Partial Motion to Dismiss. That motion is now before the Court.

Defendant argues that Plaintiff's claims under Indiana Code Title 22, Article 9 must be dismissed because the Indiana Civil Rights Law does not confer a private cause of action. Rather, it establishes an administrative process through which claims of discrimination are considered by the Indiana Civil Rights Commission. Defendant further argues that the only circumstance in which a plaintiff can take Indiana state law discrimination claims directly to a court of law without first filing a complaint with the Indiana Civil Rights Commission is one in which the disputants have a written agreement to "bypass" the administrative process and, in this case, Plaintiff and Defendant have no such agreement.

Pursuant to Local Rule 7.1(b) and Fed. R. Civ. P. 6, Plaintiff had through and including

March 14, 2011, to respond to Defendant's motion, but she did not do so. Because Defendant's motion is meritorious on its face[1] and because Plaintiff has not opposed Defendant's motion, the Court **GRANTS** Defendant's motion. Accordingly, Plaintiff's claims that Defendant's conduct violated Indiana Code Title 22, Article 9 are **DISMISSED**.

Defendant shall have through and including April 11, 2011, to file an answer to Plaintiff's Complaint.

IT IS SO ORDERED.

Date: 03/25/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jeffrey A. Calabrese
STOLL KENNON OGDEN PLLC
jeff.calabrese@skofirm.com

A. Nicholas Naiser
NAISER LAW OFFICE
nick@naiserlaw.com

---

[1] Ellis v. CCA of Tennessee, LLC, 2010 WL 2605870 at *9 (S.D. Ind. 2010) (stating that "unless a complaint is filed with the Commission, a finding of probable cause rendered, and a stipulation entered into by the complainant and respondent, no private cause of action exists"); Thomas v. American Family Mutual Ins. Co., 2008 WL 491192 at *4 (N.D. Ind. 2008) (explaining that the Indiana Civil Rights Law establishes an administrative process through which claims of discrimination are considered by the Indiana Civil Rights Commission); Vanderploeg v. Franklin Fire Dept., 2000 WL 428646 (S.D. Ind. 2000) (recognizing that the administrative process before the Indiana Civil Rights Commission can be "bypassed," but only if all parties consent in writing to proceed directly to a court of law, otherwise, "there is no private right of action").